**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

FILED

Cecil W. Crowson
Appellate Court Clerk

ROBERT OGBURN,          )
                                 )    **C.C.A. NO. 01C01-9801-CC-00027**
      Appellant,        )    **(Nos. 31683, 31850, and 31851 Below)**
                                 )
VS.                     )    **MONTGOMERY COUNTY**
                                 )    **The Hon. Robert W. Wedemeyer**
STATE OF TENNESSEE,    )
                                 )    **(Denial of Petition for Post-Conviction**
                                 )    **Relief and/or Sentence Clarification)**
      Appellee.         )    **AFFIRMED PURSUANT TO RULE 20**

## O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Upon reviewing the record and the pleadings in this case, we find that it is an appropriate matter for affirmance under Rule 20.

From the record, it appears that on May 28, 1993, the petitioner pled guilty to one count of selling a schedule II controlled substance and two counts of aggravated burglary. As part of the agreement, he was sentenced as a Range II, multiple offender, to 10 years on each count, for an effective 20 year sentence with a 35% release eligibility date. Subsequently, on July 16, 1993, the petitioner filed a pro se motion for reduction of sentence. Although counsel was appointed, the petitioner filed several pro se pleadings, including two amended petitions for post-conviction relief. It appears that a hearing was held on December 9, 1997, however, as pointed out by the state, the transcript is not included in the record on appeal. On February 10, 1997, the trial court entered an order denying the petition for post-conviction relief and further ordering that the petitioner's "total effective sentence in case numbers 31683, 31850 and 31851 should be no more than twenty (20) years. It is and was the intent of this Court to give Petitioner an effective sentence of twenty (20) years as a standard Range I offender who has a 30% R.E.D. date."

On appeal, the only issue raised is whether the trial court erred in giving a Range II sentence after finding the petitioner to be a Range I offender. Based on our Supreme Court's recent opinion in Hicks v. State, 945 S.W.2d 706 (Tenn. 1997), we find this issue to be without merit. In Hicks, the Court held that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." Id. at 709.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the appeal is dismissed.  It appearing that the petitioner is indigent, costs of these proceedings are taxed to the state.

_____
THOMAS T. WOODALL, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE


_____
JERRY L. SMITH, JUDGE